UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK S. BUZA, | Case No.: 10-CV-00326-LHK |
| Plaintiff, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT; DISMISSING COMPLAINT WITH PREJUDICE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

Plaintiff Mark S. Buza, proceeding *pro se*,[1] moves for default judgment in this action against the California Department of Corrections and Rehabilitation ("CDCR"). Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered Plaintiff's submissions and the relevant law, the Court DENIES Plaintiff's motion for default judgment and DISMISSES the Complaint with prejudice. The motion hearing scheduled for November 5, 2010, is hereby VACATED.

**I. Background**

On July 21, 2009, Plaintiff Mark S. Buza entered San Quentin State Prison as a prison inmate. Compl. ¶ 1. Upon entry, he was given two options for handling the personal property in

---

[1] Should Plaintiff need assistance with this Order or his claims, he is directed to seek assistance from the Federal Legal Assistance Self-Help Center. Help is provided by appointment only. To make an appointment, either sign up at the Center, located on the 4th Floor of the Federal Courthouse in San Jose, Room 4093, or call (408) 297-1480.

his possession. For a charge of five dollars, he could have his personal belongings shipped to an individual outside the prison; otherwise, his property would be deemed donated to an outside organization. *Id.* Because Plaintiff had no individual or address to send his property to, his belongings were placed in a bin and designated "donated." *Id.* Plaintiff alleges that CDCR's confiscation and disposal of his personal property in this manner violated his civil rights, as well as several federal criminal laws. Accordingly, on January 25, 2010, Plaintiff filed this action in federal court, alleging the following claims for relief: violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983; conspiracy to interfere with Plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1985; failure to prevent the violation of Plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1986; criminal conspiracy against Plaintiff's constitutional rights, pursuant to 18 U.S.C. § 241; willful deprivation of rights under color of law, pursuant to 18 U.S.C. § 242; and frauds and swindles, pursuant to 18 U.S.C. § 1341.

Plaintiff was granted leave to proceed *in forma pauperis*, and on March 4, 2010, the United State Marshals Service effected service on Defendant CDCR by certified mail. Executed Summons, ECF No. 9. On March 15, 2010, the Marshals Service received acknowledgement of service from CDCR. *Id.* However, CDCR never entered an appearance, and on June 29, 2010, the Clerk entered default based on CDCR's failure to plead or otherwise defend itself in the action. Entry of Default as to Defendant CDCR, ECF No. 18. Plaintiff now moves for default judgment and an award of damages in the amount of $1,000,000. Req. to Ct. for Entry of Default ¶ 21, ECF No. 22.

**II. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(b), a federal court may enter a default judgment against a party who has failed to plead or otherwise defend. Entry of default judgment is discretionary, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and "may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons." *Doe v. Qi*, 349 F. Supp. 2d 1258, 1271 (N.D. Cal. 2004). In defaulting, a defendant is deemed to admit all well-pleaded factual allegations contained in the complaint. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007). "However,

necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992). Accordingly, a court may not enter a default judgment if, taking all well-pleaded factual allegations as true, the court finds that the plaintiff is not entitled to relief. *Id.*

### III. Discussion

#### A. Civil Rights Claims

Plaintiff's first six claims for relief allege violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff brings these claims pursuant to 42 U.S.C. § 1983, which provides a private right of action for civil rights violations committed under color of law; 42 U.S.C. § 1985(3), which provides a private right of action against persons who conspire to deprive an individual of civil rights; and 42 U.S.C. § 1986, which provides a private right of action against persons who neglect to prevent civil rights conspiracies described in Section 1985. The Court finds that these claims are legally insufficient because Defendant CDCR is a state agency entitled to immunity under the Eleventh Amendment of the United States Constitution.

Under the Eleventh Amendment, states and state agencies are immune from suits brought in federal court by their own citizens or by citizens of other states. *Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065, 1071 (9th Cir. 2007). There are several exceptions to Eleventh Amendment immunity. In some instances, Congress is empowered to abrogate the sovereign immunity of the states, and a state may also waive its immunity.[2] *Id.* However, the Supreme Court has made clear that Section 1983 does not abrogate Eleventh Amendment immunity, *id.* (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and California has not waived immunity with respect to Section 1983 claims brought in federal court. *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). The Eleventh Amendment also applies to Plaintiff's claims under Sections 1985 and 1986. *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (holding that Eleventh Amendment bars Section 1985 and 1986 claims brought against a state entity).

---

[2] Additionally, the Eleventh Amendment does not bar suits for prospective injunctive relief against individual state officials in their official capacity, *Pittman*, 509 F.3d at 1071, or suits for damages against individual state officials in their individual capacity, *Hafer v. Melo*, 502 U.S. 21, 31 (1991). Here, however, Plaintiff sues only CDCR and does not name individual officials as defendants.

The Ninth Circuit has held that CDCR is a state agency entitled to immunity under the Eleventh Amendment. *Brown v. California Dept. of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, Plaintiff is barred from bringing Section 1983, 1985, and 1986 claims against CDCR in federal court. For this reason, Plaintiff's civil rights claims are legally insufficient, and the Court DENIES default judgment as to these claims. Additionally, because the Eleventh Amendment precludes Plaintiff from stating a viable cause of action against Defendant CDCR, the Court finds that Plaintiff's civil rights claims must be DISMISSED with prejudice. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004) (stating that dismissal is proper where plaintiff is not entitled to default judgment because he fails to state a claim for relief).

### B. Violations of Federal Criminal Laws

Plaintiff's remaining claims allege that Defendant CDCR violated federal statutes by conspiring against Plaintiff's constitutional rights, 18 U.S.C. § 241; willfully depriving him of rights under color of law, 18 U.S.C. § 242; and defrauding or swindling Plaintiff out of his personal property, 18 U.S.C. § 1341. Each of these claims alleges a violation of federal criminal law. These laws provide for criminal prosecution by the government and do not provide a private right of action to individual litigants like Plaintiff. *See, e.g.*, *Cok v. Cosentino*, 876 F.2d 1 (10th Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242"); *Haile v. Sawyer*, 2003 WL 1907661, at *3 (N.D. Cal. April 14, 2003) (dismissing all of Plaintiff's claims under Title 18 because Plaintiff is not authorized to bring claims under criminal statutes). The Court therefore DENIES default judgment as to these claims. Additionally, because Plaintiff lacks standing to bring these claims, the Court finds they must be DISMISSED with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment and DISMISSES the Complaint with prejudice. The clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: October 27, 2010

LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-00326-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT; DISMISSING COMPLAINT WITH PREJUDICE